UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIRST MYERS, LLC,

    Plaintiff,

v.                                              Case No.:  2:24-cv-279-JLB-KCD

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff First Myers, LLC's Motion to Remand (Doc. 14) and Defendant Westchester Surplus Lines Insurance Company's response in opposition (Doc. 17).[1] For the reasons below, Plaintiff's motion is denied.

This insurance dispute stems from Hurricane Ian. Plaintiff alleges Westchester breached the parties' insurance policy by not fully paying a covered loss. (Doc. 4.)

Plaintiff first filed suit in state court. But Westchester removed the case here based on diversity jurisdiction. (*See* Doc. 1.) According to Westchester, the parties are completely diverse and "the amount in controversy . . . exceeds the jurisdictional minimum." (*Id.* at 4.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Plaintiff does not dispute that diversity jurisdiction exists. Instead, it argues that remand is necessary because Westchester did not file the notice of removal in state court. (Doc. 14 at 4.) Although not entirely clear, Plaintiff also seems to raise a waiver argument—Westchester waived removal by seeking "relief from the State court after filing the removal [here]." (*Id.* at 4.)

Plaintiff's motion fails on several grounds. For starters, the arguments are conclusory. Plaintiff simply declares that remand is necessary without any reasoning or case law. (*See* Doc. 14.) In our adversarial system, litigants "must do more than merely raise an issue in a perfunctory manner, without supporting arguments and citation to authorities. . . . [Courts] will not scour the record or formulate arguments for a litigant." *Borden v. Cheaha Reg'l Mental Health Ctr., Inc.*, 760 F. App'x 828, 830 (11th Cir. 2019). Plaintiff was obligated to specify the grounds for remand *and* cite the relevant legal authority. Having failed to do the latter, its motion is a dead letter. *See, e.g.*, *Eli Rsch., LLC v. Must Have Info Inc.*, No. 2:13-CV-695-FTM-38CM, 2014 WL 4983710, at *2 (M.D. Fla. Oct. 6, 2014) (explaining it is not the court's job "to conduct research to provide the proper support for [conclusory] arguments").

Plaintiff also loses on the merits. Westchester filed its petition for removal within thirty days of receiving the complaint. (*See* Doc. 14 at 2.) Nothing more was needed for this Court to exercise jurisdiction. Plaintiff's claim that Westchester neglected to file the notice of removal in state court,

2

even if true, does not require remand. *See Knezevich v. Carter*, 805 F. App'x 717, 723 (11th Cir. 2020) ("[B]ecause the government's failure to promptly file the [removal] notice in the state court was at best a procedural defect in the case's removal, the district court had jurisdiction over the action and could not remand it back to the state court."); *see also Lebedinsky v. United States*, No. 20-21911-CIV, 2020 WL 6544638, at *4 (S.D. Fla. Nov. 6, 2020).

Finally, as for waiver, the only litigation activity in state court was Westchester's motion to set aside a default. (Doc. 14 at 2.) "A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (quotation omitted). Westchester's motion, standing alone, is insufficient to find waiver. *See, e.g.*, *Hill v. State Farm Mut. Auto. Ins. Co.*, 72 F. Supp. 2d 1353, 1356 (M.D. Fla. 1999); *Mattox v. U.S. Bank Nat'l Ass'n*, No. 2:11-CV-00244-WCO, 2012 WL 13018481, at *5 (N.D. Ga. Mar. 12, 2012) ("The Eleventh Circuit has concluded that the pre-removal filing of a motion to dismiss, which is arguably closer to a request for a state court to adjudicate the merits[,] . . . does not waive the right to remove.").

Accordingly, it is now **ORDERED:**[2]

1. Plaintiff First Myers, LLC's Motion to Remand (Doc. 14) is **DENIED**.

**ENTERED** in Fort Myers, Florida on May 14, 2024.

Kyle C. Dudek
United States Magistrate Judge

---

[2] Because a motion to remand does not address the merits of the case but merely changes the forum, it is a non-dispositive matter that is appropriately handled by order. *See Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007).